UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MCCOSKIE LEE CLARK,

Petitioner,

vs. Case No. 3:11-cv-878-J-39JRK

SECRETARY, DOC,
et al.,

Respondents.

---

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on August 29, 2011.[1] He challenges his 2007[2] Duval County conviction for shooting or throwing deadly missiles and possession of a firearm by a convicted felon.

---

[1] The Petition was filed with the Clerk on August 31, 2011; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (August 29, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on June 28, 2007.

Under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Answer in Response to Order to Show Cause (Response) (Doc. 23). In support of their contentions, they have submitted exhibits.[3] See Appendix (Doc. 23). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Order (Doc. 10). Petitioner filed a Reply to Respondents' Answer to Order to Show Cause (Reply) (Doc. 29). In light of Zack v. Tucker, 704 F.3d 917 (11th Cir.), cert. denied, 134 S.Ct. 156 (2013), the Court ordered supplemental responses, and the parties complied by filing Respondents' Response to Order of January 23, 2013 (Doc. 31), and Petitioner's Reply to Respondents' Response to Order of January 23, 2013 (Doc. 33). Given the record, including that this is not "a multiple trigger date case," the Eleventh Circuit's decision in Zack has no impact on Petitioner's case.

Petitioner was charged by information with shooting or throwing deadly missiles and possession of a firearm by a convicted felon. Ex. B. Petitioner entered into a guilty plea with the sentence to be determined by the court, but limited to a term of imprisonment between five and fifteen years, with a three-year minimum mandatory sentence. Ex. F at 27-28. The judgment and

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

sentence was entered on June 28, 2007. Id. at 20-26. The court sentenced Petitioner to eight years in prison, with a three-year minimum mandatory term. Id. at 24-26. He did not seek an appeal. Therefore, his conviction became final on Monday, July 30, 2007, when the time to appeal expired. Response at 9.

Petitioner filed a petition seeking a belated appeal on Tuesday, January 15, 2008. Ex. I. A Special Master conducted a hearing on the petition and concluded in a report and recommendation that petitioner did not timely request that counsel file a notice of appeal. Ex. S at 4-5. On July 23, 2008, the petition seeking a belated appeal was denied on the merits. Ex. T; Clark v. State, 987 So.2d 81 (Fla. 1st DCA 2008) (per curiam) (unpublished disposition).

Petitioner, on September 16, 2008, pursuant to the mailbox rule, filed a Motion to Reduce or Modify Sentence. Ex. E. The circuit court denied the motion on January 14, 2011. Ex. A at 4. On December 2, 2008, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 motion. Ex. F at 1-12. The trial court denied the motion. Id. at 13-19. Petitioner appealed. Id. at 42. The First District Court of Appeal affirmed per curiam on July 28, 2011. Ex. G. The mandate issued on August 23, 2011. Ex. H.

The Petition, filed August 29, 2011, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year limitations period was tolled until Monday, July 30, 2007, when the time for appealing his conviction expired. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Upon consideration, the one-year limitations period in Petitioner's case began to run on Tuesday, July 31, 2007. It expired on Thursday, July 31, 2008. Petitioner did not file his Rule 3.850 post conviction motion in the state court system until December 2, 2008 (pursuant to the mailbox rule). Ex. F at 1. This motion did not toll the federal one-year limitations period because it had already expired on July 31, 2008. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Although Petitioner, on January 15, 2008, filed a request for a belated appeal, Ex. I, the request was denied and the court did not in fact reopen direct review. Ex. S; Ex. T. See Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009) (finding where a state court reopens direct review, the conviction is rendered nonfinal

for purposes of 28 U.S.C. § 2244(d)(1)(A)). Indeed, "pending belated appeals do not toll the statute of limitations unless they are granted." Williams v. Sec'y, Dep't of Corr., No. 8:11-CV-1913-T-30AEP, 2012 WL 3143847, at *1 (M.D. Fla. Aug. 1, 2012) (not reported in F.Supp.2d) (citing Williams v. Crist, 230 F. App'x 861, 862 (11th Cir. 2006)). Thus, in the instant case, the petition seeking a belated appeal did not toll the limitations period.

In addition, although Petitioner, on September 16, 2008, filed a Motion to Reduce or Modify Sentence pursuant to Rule 3.800(c), Fla. R. Crim. P., it too did not toll the limitations period. Baker v. McNeil, 439 F. App'x 786, 788-89 (11th Cir. 2011) (per curiam) (finding Rule 3.800(c) concerns only pleas for mercy and leniency, not collateral review, and distinguishing the Rhode Island statute at issue in Wall v. Kholi, 131 S.Ct. 1278 (2011)), cert. denied, 132 S.Ct. 1633 (2012). See Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. March 21, 2012) (not reported in F.Supp.2d) (Report and Recommendation) (recognizing that "[i]n Baker, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-year limitations period for filing a federal habeas petition."), report and recommendation adopted by Shanklin v. Tucker, No.

3:11cv357/RV/MD, 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012). In the alternative, the Rule 3.800(c) motion did not toll the one-year limitations period because it had already expired on July 31, 2008. Again, there is no period remaining to be tolled by the filing of the Rule 3.800(c) motion. See Webster.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. Of import, "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and

unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing this case with prejudice.

3. The **Clerk** shall close the case.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of April, 2014.

BRIAN J. DAVIS
United States District Judge

sa 4/7
c:
McCoskie Lee Clark
Ass't A.G. (Pate)